UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE, TRUSTEE and | ) |
| INDIANA LABORERS WELFARE, | ) |
| PENSION, TRAINING, AND DEFINED | ) |
| CONTRIBUTION TRUST FUNDS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:19-cv-565 |
| | ) |
| PROTECTION PLUS, INC. | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Come now the Plaintiffs, by their attorney, and for a cause of action against the

Defendant allege and show to the court as follows:

1.      This Court has jurisdiction based upon Section 502 of the Employee Retirement

Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee

Retirement Income Security Act of 1974, (29 U.S.C. §1059(a) and (b)); arising from the

Defendant's violation and continued refusal to comply with collective bargaining agreements,

Trust Plans and Trust Agreements.

2.      Plaintiffs Indiana Laborers Welfare, Pension, Training, and Defined Contribution

Trust Funds (hereinafter "Funds"), are employee benefit plans, within the meaning of Sections

3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §

1002(1)(2)(3)(21) and 1132). The Funds maintain their office and principal place of business in

Terre Haute, Indiana.

3.      David Frye, a Trustee of the aforementioned Funds, is a fiduciary within the meaning of Section 3(21) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002) and brings this action on behalf of the participants and Trustees of the Plaintiff Funds. David Frye is a resident of Indianapolis, Indiana.

4.      Defendant Protection Plus, Inc. ("Protection Plus") is an Indiana corporation with an office and place of business in Indianapolis, Indiana.

5.      Defendant Protection Plus is an employer and is a party in interest in industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

6.      Defendant Protection Plus is a party to and has agreed to abide by the terms of collective bargaining agreements between itself and LIUNA, State of Indiana District Council. True and accurate copies of the Acceptance of Working Agreements are attached hereto as Exhibit A.

7.      Defendant has further agreed to a Memorandum of Understanding which applies to certain work performed by the Defendant.  True and accurate copies of the Memorandum of Understanding are attached hereto as Exhibit B.

8.      Through executed collective bargaining agreements and Memorandums of Understanding, Defendant agreed to make contributions to the Funds on behalf of its employees. Relevant portions of the Memorandums of Understanding and CBA are attached as Exhibits B and C, respectively.

9.     The collective bargaining agreements further require that the Defendant, in order to secure its obligation to make contributions to the Plaintiffs, obtain and maintain a bond, for their benefit, in a stipulated amount.  *See* Exhibit C.

10.     An audit performed on Defendant's payroll records for the period of July 1, 2015 through December 31, 2017 revealed discrepancies in reporting totaling $995,193.31.  A true and accurate copy of the audit is attached hereto as Exhibit D.

11.     Defendant has not challenged, disputed or otherwise responded to the finding of this audit.

12.     Defendant has thus failed to make timely contributions to Plaintiff Funds for and on behalf of its employees, failed to perform its obligations under the terms and conditions of the collective bargaining agreements and Trust Agreements of the Funds and is additionally in violation of Section 515 of the Employee Retirement Income Security Act of 1974, as amended.

13.     Despite demands that Defendant perform its contractual obligations, Defendant has failed, neglected, omitted and refused to make those payments.

14.     Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to payment of the delinquent contributions, audit expenses, liquidated damages and interest, as provided in Section 502(g)(2) (29 U.S.C. §1132(g)(2)) of the Employee Retirement Income Security Act of 1974.

15.     Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to their attorney fees incurred in bringing this action against the Defendant.

WHEREFORE, Plaintiffs demand the following relief:

1.      A preliminary injunction enjoining Defendant from failing, neglecting and refusing to make its required contributions to the Funds as they fall due.

2.      A permanent injunction enjoining Defendant from failing, neglecting and refusing to make its required contributions to the Funds as they fall due.

3.      A judgment on behalf of Plaintiffs in the amount of Defendant's delinquencies to said Funds, plus liquidated damages and interest assessments, audit expenses, reasonable attorneys' fees and costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

4.      An order requiring Defendant to obtain a bond securing its obligations to the Plaintiffs, as required by terms of its collective bargaining agreements.

5.      That the Court retain jurisdiction of this cause pending compliance with its Orders.

6.      For such other, further, or different relief as the Court may deem just and proper.


                                        Respectfully Submitted,


                                        /s/ Neil E. Gath
                                        Neil E. Gath, Attorney No. 11193-49
                                        *Attorney for the Plaintiffs*

GATH LAW OFFICE
P.O. Box 44042
Indianapolis, IN  46244
Telephone: (317) 489-5715
Facsimile:  (317) 602-2180
ngath@gathlaw.com